UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MOHAMMED AWAL ABDUL RAHMAN,

Petitioner,

v.

JEREMY CASEY, Warden, Imperial Regional Detention Facility, et al.,

Respondents.

Case No.:  26-cv-1418-RSH-BJW

**ORDER DENYING MOTION TO ENFORCE**

[ECF No. 9]

On March 5, 2026, petitioner Mohammed Awal Abdul Rahman filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"), as well as a motion for an order to show cause. ECF Nos. 1, 2. The Court immediately issued a briefing schedule. ECF No. 3. On March 18, 2026, Respondents timely filed a return. ECF No. 5.

On March 18, 2026, the Court granted the petition, concluding, "Respondents are directed to arrange a bond hearing for petitioner before an immigration court pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this order, at which the government bears the burden of establishing by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight." ECF No. 7 at 1.

On March 24, 25, and 27, 2026, an immigration judge held a bond hearing for

1

Petitioner, and ultimately denied bond on the ground that Petitioner was a flight risk. ECF No. 9 at 2 & Exs. B, C, D (transcripts of hearing). On April 3, 2026, judgment was entered for Petitioner in his habeas case. ECF No. 8.

On April 7, 2026, Petitioner filed a motion to enforce the Court's March 18, 2026 order. ECF No. 9. Petitioner contends in his motion that the bond hearing "did not comply with the Court's order," in that it "did not comport with the basic principles of due process or the evidentiary burden this Court held DHS was required to meet." *Id.* at 2. Petitioner argues that the immigration judge: (1) correctly articulated the standard of proof, but failed to properly apply that standard; (2) engaged in extended questioning of Petitioner, assuming the role of "prosecutor" and reflecting a lack of impartiality; (3) asked a misleading question of a witness; (4) did not give Petitioner a chance to explain perceived inconsistencies; and (5) did not appropriately consider alternatives to detention. *Id.* at 9-17. Petitioner requests his immediate release or another hearing before a new and impartial immigration judge. *Id.* at 23.

In opposing the motion, Respondents argue that Petitioner has failed to exhaust his administrative remedies, because Petitioner has not pursued an appeal of the immigration judge's bond to the Board of Immigration Appeals ("BIA"). ECF No. 11 at 2-5. Petitioner's time to file such an appeal has not yet lapsed.

The Ninth Circuit "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). A court may require prudential exhaustion when:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

26-cv-1418-RSH-BJW

*Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Nonetheless, "a court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" *Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

The Ninth Circuit has applied the exhaustion doctrine to circumstances similar to those presented here—where a noncitizen seeks review, through a habeas proceeding, of an immigration judge's denial of bond. *See Leonardo*, 646 F.3d at 1160 ("Here, [the petitioner] pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper. Leonardo should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision."). Irrespective of the prudential exhaustion doctrine, however, the Court retains jurisdiction to determine whether a party has complied with its earlier habeas order. *See id.* at 1161 ("[T]he district court had authority to review compliance with its earlier order conditionally granting habeas relief.").

The Court has reviewed the exhibits submitted, including the immigration judge's order denying bond and the hearing transcripts. The Court is not persuaded that Respondents have failed to comply with the March 18, 2026 order. The government timely held a bond hearing as directed by this Court's order. At the hearing, the immigration judge heard evidence and argument, and correctly stated the burden and standard of proof at both the beginning and end of the hearing. ECF No. 9 at 30, 120. At the close of the hearing, the immigration judge gave a very detailed oral ruling explaining his reasons for denying bond. *Id.* at 120-24. Without opining on whether the immigration judge's ruling was free of error,

26-cv-1418-RSH-BJW

the proceedings complied with this Court's order.

Petitioner's claims of error here are routine ones to be decided in the first instance by the BIA, the administrative tribunal established to review such claims and correct any mistakes, and possessing expertise in such review. The Court declines to act as a second, parallel appellate administrative tribunal in addressing the merits of the claimed errors here, where doing so would effectively encourage simultaneous parallel appeals of matters well within the BIA's competence. Consistent with the Ninth Circuit's ruling in *Leonardo*, the Court requires exhaustion of these issues, and determines that each predicate for requiring prudential exhaustion applies here. The Court determines that Petitioner's continued detention while he pursues a bond appeal to the BIA does not amount to irreparable injury warranting waiver of the exhaustion requirement. *See Reyes v. Wolf*, No. C20-0377LR, 2021 WL 662659, at *3 (W.D. Wash. Feb. 19, 2021) (determining that the petitioner failed to establish that "that civil detention after the denial of a bond hearing constitutes irreparable harm such that prudential exhaustion should be waived"), *aff'd sub nom. Diaz Reyes v. Mayorkas*, No. 21-35142, 2021 WL 3082403 (9th Cir. July 21, 2021). The Court disagrees that the BIA is unable to apply the standard of proof directed by the Court, or that an appeal would be a "futile gesture." The Court declines to waive the exhaustion requirement.

For the foregoing reasons, Petitioner's motion to enforce [ECF No. 9] is **DENIED**.

**IT IS SO ORDERED**.

Dated: April 22, 2026

*Robert S Huie*

_____
Hon. Robert S. Huie
United States District Judge